**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARNELLA M. RIDEOUT, MARY E.** | : | |
| **SAMPLE, ANGELA B. WALTERS,** | : | |
| **TYNESA S. MATHIS, CHARMARIE** | : | |
| **HOCKENBERRY, AND DAWN C.** | : | |
| **CRIDER,** | : | |
| **Plaintiffs** | : | |
| | : | **Civil Action No. 1:09-cv-0403** |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **PUBLIC OPINION; MEDIANEWS** | : | |
| **GROUP, INC., d/b/a MEDIA NEWS** | : | |
| **GROUP, TNP PUBLISHING, LLC, THE** | : | |
| **TEXAS-NEW MEXICO NEWSPAPERS** | : | |
| **PARTNERSHIP, RON CLAUSEN, and** | : | |
| **GEORGE FULLER,** | : | |
| **Defendants** | : | |

**MEMORANDUM ORDER**

Currently pending before the Court is Defendants' motion for reconsideration of this

Court's January 28, 2011 order denying in part Defendants' amended motion to dismiss and

motion for summary judgment. Specifically, Defendants seek reconsideration of those portions

of the Court's order denying Defendants' motion for summary judgment on the question of

whether Plaintiffs failed to exhaust the administrative remedies provided for by the Pennsylvania

Human Rights Act and Title VII. In the alternative, Defendants request that this Court grant

Defendants permission to file an interlocutory appeal to contest the Court's January 28, 2011

order. For the reasons stated more fully herein, the Court will deny Defendants' motion.

**I.      MOTION FOR RECONSIDERATION**

A motion for reconsideration is a device of limited utility. Its purpose is to correct

manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (citation omitted). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted).

In the present action, Defendants contend that the Court made a clear error of law in declining to grant Defendants' motion for summary judgment on the question of exhaustion of state and federal administrative remedies.  In support of this argument, Defendants simply renew arguments previously raised and rejected in their amended motion to dismiss and motion for summary judgment.  As a matter of law, such arguments are insufficient to justify

reconsideration of a Court order.  Critically, in their brief in support of their motion for reconsideration, Defendants fail to identify a single decision by any court that addressed the question that was before the Court and reached a different conclusion.  The Court questions whether a court order could ever constitute a clear error of law where no contrary legal precedent exists.  Because Defendants have failed to establish the existence of an error of law, let alone a clear error of law, the Court cannot grant reconsideration on this basis.

II.    **INTERLOCUTORY APPEAL**

Although Defendants request permission to seek an interlocutory appeal in their motion, Defendants fail to devote even a single word to the request in their brief in support.  In the absence of any reason in support, the Court cannot grant Defendants' motion for written permission to file an interlocutory appeal.

**ACCORDINGLY**, on this 15th  day of March 2011, upon consideration of Defendants' motion to reconsider (Doc. No. 60), **IT IS HEREBY ORDERED** that the motion is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania