```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARNELLA M. RIDEOUT, et al.,   : CIVIL NO: 1:09-CV-00403
                               :
          Plaintiffs           :
                               : (Chief Judge Kane)
     v.                        :
                               : (Magistrate Judge Smyser)
PUBLIC OPINION, et al.,        :
                               :
          Defendants           :
```

**MEMORANDUM**

The complaint in this employment discrimination case was filed on March 4, 2009. A case management order was entered on July 28, 2009, setting a January 8, 2010 discovery deadline. An amended case management order (Doc. 30) was entered on December 23, 2009, setting an April 2, 2010 discovery deadline. The case was stayed from February 4, 2010 to May 10, 2010 after a Bankruptcy Judge had confirmed a Media News Group, Inc. reorganization plan. (Doc. 36). On June 29, 2010, a second amended case management order was entered and the discovery deadline was extended until November 1, 2010. (Doc. 40). On October 20, 2010, a third amended case management order was entered. (Doc. 51). The discovery deadline was extended to January 20, 2011.

On December 28, 2010, the case was referred to this magistrate judge for the purpose of assisting counsel regarding a discovery dispute between the parties. (Doc. 53). On December 29, 2010, after a conference with counsel, it was ordered that:

> 1) the plaintiffs shall provide full and complete responses to the defendants' outstanding interrogatories and document requests on or before January 31, 2011;
>
> 2) if the plaintiffs fail to provide full and complete responses to the defendants' outstanding interrogatories and document requests by January 31, 2011, the defendants may file a motion to compel discovery and for sanctions on or before February 3, 2011;
>
> 3) the discovery deadline is extended to March 18, 2011;
>
> 4) the deadline for reports of experts is extended to April 1, 2011; and
>
> 5) the deadline for response reports to expert reports is extended to April 15, 2011.

(Doc. 55). On February 1, 2011, the defendants filed a motion (Doc. 59) to compel discovery and for sanctions because the plaintiffs had not complied with the Order of December 29, 2010. A supporting brief was filed. (Doc. 61). A brief in opposition was filed (Doc. 67) and a reply brief was filed. (Doc. 69).

2

The defendants filed a motion (Doc. 71) on March 29, 2011 for an extension of case management deadlines.  This motion bore an incorrect caption.  A subsequent motion (Doc. 72) filed on May 17, 2011 seeks the same relief as the improperly captioned March 29, 2011 motion.

By Order of May 18, 2011, the pending motion (Doc. 59) to compel discovery and for sanctions was referred to me.  The Order also directs me to supervise discovery and to address the pending motions (Docs. 71, 72) for extensions of the pretrial deadlines.

The plaintiffs' attorney in his brief (Doc. 67) in opposition to the motion to compel discovery and for sanctions acknowledges that the plaintiffs have failed to make discovery as required under the Federal Rules of Civil Procedure and the Order of December 29, 2010.  The attorney states that responsibility for the delay rests squarely with counsel, and refers generally to health issues.  Counsel asserts that the correct disposition of the defendants' motion would be to deny it and to order the plaintiffs to respond to the outstanding discovery requests of the defendants.

3

Rule 37(b) of the Federal Rules of Civil Procedure provides for the kinds of sanctions that the court may impose when a party fails to make discovery after the court has ordered the party to make discovery.

The defendants ask the court to order the plaintiffs to pay the defendants' costs and fees in presenting the defendants' motions to the court resulting from the plaintiffs' failure to make discovery.

The defendants also assert that the court should dismiss the claims of the plaintiffs who have failed to make discovery.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Although dismissal is an available sanction, it is a drastic sanction which "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In

4

deciding whether to dismiss an action pursuant to Fed.R.Civ.P. 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* factors are applicable as well in the context of a consideration of whether a sanction of dismissal is warranted when a party has not complied with a discovery order.  The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.  No single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008).  Each factor need not be satisfied for the court to dismiss an action. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

     The first *Poulis* factor is the extent of the party's personal responsibility.  The defendants' brief refers to instances in which the conduct of the individual plaintiffs had been cited by the plaintiffs' attorney as grounds for extensions of time that the plaintiffs have sought.  The

5

defendants argue from this that the individual plaintiffs have been responsible in part for the plaintiffs' failure to make discovery.  However, in opposition to the defendants' motion for sanctions, the plaintiffs' attorney places all of the blame for delays on himself.  The failure to comply with the Order of December 29, 2010 can not reasonably be attributed to individual plaintiffs or to the plaintiffs collectively.  It is correctly attributed to the plaintiffs' attorney.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).  Prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware, supra,* 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*

The failure of the plaintiffs to comply with the court's order compelling discovery has prejudiced the defendants in their trial preparations.  Without the disclosure

6

of items sought from the plaintiffs by the defendants, the defendants have not been able to prepare for trial. Additionally, the defendants incurred costs associated with bringing discovery concerns to the court for resolution and preparing and filing a motion to compel discovery and for sanctions.  We conclude that the plaintiffs' conduct has prejudiced the defendants.

The third *Poulis* factor is a history of dilatoriness. A "party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994).  The plaintiffs and their attorney have been unacceptably dilatory. As accurately stated by the defendants:

> . . . even with respect to the existing discovery dispute, the Plaintiffs have agreed to three separate deadlines, and failed to comply with any of them. Even the Court-Ordered deadline of January 31, 2011, deemed reasonable by the Plaintiffs, was ignored. If such a date were unreasonable in some respect, Plaintiffs had ample opportunity to object during the telephone conference. Plaintiffs also could have requested an extension prior to the passing of the Court's deadline, yet did nothing.

(Doc. 63, page 17).

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. Again, we quote from the defendants' brief:

> Fourth, the conduct of the Plaintiffs in missing the January 31, 2011 was willful. Plaintiff had ample opportunity to comply with its obligations to respond to Defendants' discovery requests since they were served more than a year ago in December of 2009. Moreover, Plaintiffs agreed to all three previous deadlines for the production of Plaintiffs' discovery. The November 29, 2010 deadline was actually suggested by Plaintiffs counsel. Regarding Plaintiffs' violation of the Order, Plaintiffs cannot feign lack of knowledge of the January 31, 2011 deadline. They agreed to it, yet failed to comply. Lastly, Plaintiffs never sought an extension or reconsideration of the Court's Order, including after the deadline has passed.

(*Id.* at page 18).

The plaintiffs' attorney makes reference to his professional and personal health problems to which he attributes his failure to correctly represent his clients by following the rules of discovery and the orders of the court. We have not convened a hearing or other fact finding to determine the nature and effect of counsel's problems. We do not give much weight to the vague representations of counsel, but we will not endeavor to obtain more specific information that counsel has elected not to provide. Even assuming a

8

debilitating health problem, counsel could have caused a motion for an extension of time to comply with the December 29, 2010 Order to be filed.

The fifth *Poulis* factor is the effectiveness of alternative sanctions. Dismissal is a sanction of last resort. *Poulis, supra*, 747 F.2d at 869. It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868.

Monetary sanctions, including attorney's fees and costs, would be an effective, if not adequate, sanction in this case. The plaintiffs have failed to comply with an Order entered after the court conferred with counsel, yet the plaintiffs suggest to the court in their brief that the court's correct course he would be to again order the plaintiffs to make discovery. In our view, such an order alone would not constitute an appropriate alternative sanction. It would not be a sanction at all.

The sixth *Poulis* factor is the meritoriousness of the claim or defense. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis, supra,*

9

747 F.2d at 870. The claims of the plaintiffs, on their face, have been held to be claims upon which relief can be granted. Assuming that the evidence supports the claims, the claims are meritorious.

After weighing the *Poulis* factors we conclude that this case should not be dismissed, and that monetary sanctions should be imposed.

Accordingly, it will not be recommended to Chief Judge Kane that the complaint of the plaintiffs be dismissed as a sanction for the failure to make discovery. Instead, we will order the plaintiffs to pay the defendants' fees and costs arising from the plaintiffs' failure to provide responses and materials in response to the defendants' discovery requests. We will also order the plaintiffs to respond to all of the defendants' outstanding discovery requests and to provide all requested discovery materials on or before June 22, 2011. We

will grant the defendants' amended motion to extend deadlines (Doc. 72) and will issue an amended case management order.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:  May 26, 2011.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
DARNELLA M. RIDEOUT, et al.,    : CIVIL NO: 1:09-CV-00403
                                :
          Plaintiffs            :
                                : (Chief Judge Kane)
     v.                         :
                                : (Magistrate Judge Smyser)
PUBLIC OPINION, et al.,         :
                                :
          Defendants            :
```

**ORDER**

**IT IS ORDERED** that the defendants' motion (Doc. 29) to compel discovery and for sanctions is **GRANTED.  IT IS FURTHER ORDERED** that the plaintiffs shall provide full and complete responses to the defendants' outstanding interrogatories and document requests to defendants' counsel on or before June 22, 2011.  If discovery as ordered is not provided, the appropriate sanction will be dismissal of the case as to plaintiffs not having made discovery.  **IT IS FURTHER ORDERED** that the plaintiffs shall pay to defendants the reasonable fees and costs of the defendants incurred in pursuing the defendants' rights to discovery.  **IT IS FURTHER ORDERED** that the

defendants' motion (Doc. 72) to extend deadlines is **GRANTED**. An amended case management order will be entered.

　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Andrew Smyser*
　　　　　　　　　　　　　　　　　　　　　　J. Andrew Smyser
　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge

Dated:  May 26, 2011.