UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARNELLA M. RIDEOUT, *et al.*,      :  CIVIL NO: 1:09-CV-00403
          Plaintiffs                :
                                    :  (Chief Judge Kane)
     v.                         :
                                    :  (Magistrate Judge Smyser)
PUBLIC OPINION, *et al.*,            :
          Defendants                :

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the motion (Doc. 79) of the defendants to dismiss the complaint as to five of the six plaintiffs on the grounds that those plaintiffs have failed to comply with the rules and orders of the court governing discovery and that no other less extreme sanction is reasonably available.

The court in ruling on the defendants' motions to compel discovery and for sanctions months ago ordered the plaintiffs to provide requested discovery. The individual plaintiffs through counsel assert that they can not afford the expense of answering interrogatories and producing requested documents. Counsel for the plaintiffs also can not afford the expense of answering interrogatories or of producing requested

documents.  The plaintiffs' attorney wants the court to stay the litigation of this case, for ninety days, so that the plaintiffs may be able to find other counsel.

Counsel for the plaintiffs asserts that the failure to provide the required discovery is his own fault, not the fault of the individual plaintiffs.  He asserts "counsel's economic inability to proceed."  (Doc. 81, page 2).  Counsel asserts that the plaintiffs are trying to find replacement counsel to represent them.  He is requesting "a stay of these proceedings so the plaintiffs can secure monies and/or legal assistance to go forward."  (Doc. 81, page 3).

The plaintiffs argue that the court should "in equity" stay this civil action because the case was earlier stayed upon the suggestion of bankruptcy filed by the defendants.  The plaintiffs' appeal to the court's "inherent equitable powers" is not reasonably sound.

First, for the plaintiffs' request for an order in the nature of an order amending the case management order to be presented in a brief in opposition to the defendants' motion for sanctions is itself not in conformity with rules of court.

2

An application to the court for an order is made by a motion. Rule 7(b), Federal Rules of Civil Procedure. The plaintiffs have not proceeded by motion. Counsel for the plaintiffs did file a letter requesting a conference with the court. (Doc. 77). We declined to schedule a conference and directed the parties to file appropriate motions. Only the defendants filed a motion.

Second, the bankruptcy stay was an automatic stay pursuant to law. A statutory bankruptcy stay can not be reasonably analogized to the stay proposed by the five plaintiffs who are proposing a stay. None of these plaintiffs is shown to be involved in collateral proceedings that may interfere with his or her ability to go forward with this litigation and none has shown that presently pursuing this litigation to a final disposition may work an inequity as to a non-party with whom the plaintiff here is involved in an ongoing dispute. There is no statute-based or rules-based foundation here for the court to stay this litigation, automatically or otherwise.

The discovery deadline has expired.  The defendants have not received discovery from these five plaintiffs to which they are entitled.  The plaintiffs have not filed any motion attempting to obtain an order that would if granted provide relief to the plaintiffs that would not unreasonably prejudice the defendants.

The defendants' February 1, 2011 motion (Doc. 59) to compel discovery and for sanctions was discussed and considered pursuant to *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), in the court's Memorandum (Doc. 74) of May 26, 2011.  Dismissal as a sanction was determined then not to be an appropriate sanction.  In the Order of that date, we stated "[i]f discovery as ordered is not provided, the appropriate sanction will be dismissal of the case as to plaintiffs not having made discovery."

The plaintiffs have not answered interrogatories and requests for the production of documents.  The plaintiffs' characterization of the prospect of a plaintiff answering interrogatories and producing requested documents as involving expenses of such a measure that counsel and clients for months

4

and months have been unable to bear them is not explained. Dismissal of this civil action as to the five plaintiffs who have failed to make discovery in now the correct sanction.

If either party had alluded to an issue of fact material to the disposition of the defendants' motion to be resolved by the court, a hearing would have been scheduled. However, no such issue is identified by any party.

Accordingly, it is recommended that the motion (Doc. 79) of the defendants be granted and that this civil action be dismissed as to plaintiffs Rideout, Hockenberry, Sample, Mathis and Crider.  If the court accepts this recommendation, the only remaining plaintiff will be plaintiff Walters.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 24, 2011.