IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARNELLA M. RIDEOUT, MARY E. SAMPLE, ANGELA B. WALTERS, TYNESA S. MATHIS, CHARMARIE HOCKENBERRY, AND DAWN C. CRIDER,<br>    Plaintiffs<br><br>    v.<br><br>PUBLIC OPINION; MEDIANEWS GROUP, INC., d/b/a MEDIA NEWS GROUP, TNP PUBLISHING, LLC, THE TEXAS-NEW MEXICO NEWSPAPERS PARTNERSHIP, RON CLAUSEN, and GEORGE FULLER,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 1:09-cv-0403<br>:   (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>MEMORANDUM</u>**

Currently pending before the Court is the Report and Recommendation of Magistrate Judge Andrew Smyser, in which Magistrate Judge Smyser recommends that the claims of Plaintiffs Darnella Rideout, Charmarie Hockenberry, Mary Sample, Tynesa Mathis, and Dawn Crider be dismissed. (Doc. No. 83.) The Report and Recommendation presents a weighty issue, namely, under what circumstances may an attorney's dilatory conduct result in the dismissal of his client's claims. Plaintiffs have entered objections to the Report and Recommendation (Doc. Nos. 85, 86), and Defendants have filed a brief in opposition to those objections (Doc. No. 89). For the reasons explained more fully herein, the Court will adopt Magistrate Judge Smyser's Report and Recommendation (Doc. No. 83) and grant Defendants' motion to dismiss for failure to comply with a discovery order (Doc. No. 79).

**I.   BACKGROUND**

1

Plaintiffs filed a complaint in this matter on March 4, 2009, raising gender discrimination, hostile work environment, and retaliation claims under both Title VII and the Pennsylvania Human Relations Act. (Doc. No. 1.) The Court entered a case management order on July 28, 2009, setting a January 8, 2010 discovery deadline. (Doc. No. 9.) Following a motion by Plaintiffs for an extension of time to complete discovery (Doc. No. 22), the Court amended its case management order and extended the close of discovery to April 2, 2010 (Doc. No. 30). Following a brief stay pursuant to the automatic stay provisions under 11 U.S.C. § 362 (Doc. No. 34), the Court entered a second amended case management order on June 29, 2010, extending the close of discovery to November 1, 2010 (Doc. No. 40). Finally, in response to Plaintiffs' motion for an extension of time to complete discovery (Doc. No. 50), the Court entered a third amended discovery order on October 20, 2010, extending the close of discovery to January 20, 2011 (Doc. No. 51). Notably, on December 29, 2009, Defendants served Plaintiffs with the interrogatories and document requests at issue here. (Doc. No. 63-2.)

By letter dated December 21, 2010, counsel for Defendants, Mr. Gregory Monskie, apprised the Court of a discovery dispute. (Doc. No. 52.) Mr. Monskie indicated that the parties had agreed to exchange discovery responses on November 23, 2010, after which the parties would schedule depositions. (Id. at 1.) Mr. Monskie informed the Court that on November 23, 2010, he delivered Defendants' responses to Plaintiffs' interrogatories and request for documents. (Id. at 1-2.) According to Mr. Monskie, however, Neil Grover, counsel for Plaintiffs, was unable to complete his responses and informed Mr. Monskie that Plaintiffs' responses would be provided by the opening of business on November 29, 2010. (Id. at 2.) Mr. Monskie further represented in his letter to the Court that on November 29, 2010, Mr. Grover

…

informed Mr. Monskie that Plaintiffs would not be complying with the November 29, 2010 deadline and did not know when he would provide Plaintiffs' discovery responses. (Id.) Mr. Monskie then requested the Court's assistance in resolving the discovery dispute. (Id. at 2-3.)

The Court referred this matter to Magistrate Judge Smyser for the purpose of assisting the parties with their discovery dispute. (Doc. No. 53.) Magistrate Judge Smyser issued an order on December 29, 2010, ordering Plaintiffs to provide complete responses to the outstanding discovery requests on or before January 31, 2011. (Doc. No. 55.) On February 1, 2011, Defendants filed a motion to compel discovery in response to Plaintiffs' failure to comply with Magistrate Judge Smyser's December 29, 2010 order. (Doc. No. 59.) Defendants further moved for the Court to impose sanctions on Plaintiffs, including dismissal for failure to prosecute. (Id.) In response, Mr. Grover informed the Court that responsibility for Plaintiffs' failure to comply with Magistrate Judge Smyser's order "rests squarely" with Mr. Grover. (Doc. No. 67 at 2.) Mr. Grover further requested that any sanctions be directed at him, rather than at his clients, and that the Court enter an order directing him to produce the requested discovery within fifteen days. (Id. at 5-6.)

After this matter was referred to Magistrate Judge Smyser for the supervision of all discovery (Doc. No. 73), Magistrate Judge Smyser entered an order directing Plaintiffs to provide all outstanding discovery no later than June 22, 2011 (Doc. No. 74 at 12). Following an evaluation of the factors outlined in Poulis v. State Farm Fire & Casualty, 747 F.2d 863, 868 (3d. Cir. 1984), Magistrate Judge Smyser concluded that dismissal for failure to prosecute was not warranted. (Doc. No. 10.) However, Magistrate Judge Smyser imposed a lesser sanction, ordering Plaintiffs to pay to Defendants the reasonable fees and costs Defendants incurred in

pursuing their rights to discovery. (Id. at 12.) In addition, he cautioned Defendants that "[i]f discovery as ordered is not provided, the appropriate sanction will be dismissal of the case as to plaintiffs not having made discovery." (Id.)

On June 22, 2011, at 6:35 p.m., rather than complying with the discovery order, Mr. Grover informed Magistrate Judge Smyser by letter that he was "unable to financially sustain this action," and requested a conference to "determine if an agreed course of action can be reached." (Doc. No. 76.) In response, Mr. Monskie expressed his "vehement opposition to the requests made by Attorney Grover," and, in light of Plaintiffs' failure to comply with two discovery orders, requested an immediate dismissal of the action. (Doc. No. 77.) Magistrate Judge Smyser then informed the parties on June 28, 2011, that he would not hold a conference as requested by Mr. Grover, and informed the parties that they were free to proceed with appropriate motions. (Doc. No. 78.) Later on June 28, 2011, Defendants filed the pending motion to dismiss for failure to comply with a discovery order. (Doc. No. 79.)

## II. DISCUSSION

In the present matter, it is undisputed that Plaintiffs have failed to comply with two discovery orders. The only question left for this Court to resolve is what sanction should be imposed and on whom should the burden of that sanction fall. Whether to impose sanctions for failure to comply with discovery orders is committed to the Court's sound discretion. See Flaherty v. M.A. Bruder & Sons, Inc., 202 F.R.D. 137, 141 (E.D. Pa. 2001). In exercising this discretion, the Court must ensure that any sanction imposed is just and that the sanction is specifically related to the particular claim or claims at issue in the order to provide discovery violated by the offending party. Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites, 456 U.S.

694, 707 (1982); see also Estate of Spear v. Comm'r of Internal Revenue, 41 F.3d 103, 111 (3d Cir. 1994).  Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  When sanctioning a party for failure to comply with a discovery order a court may impose sanctions including: designating that certain facts be admitted, prohibiting the non-complying party from supporting or opposing designated claims or defenses, imposing an award of monetary damages, or even dismissing all or part of the action.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Defendants argue, and Magistrate Judge Smyser recommends, that the proper sanction in this action is dismissal of Plaintiffs' claims.  Dismissal is a drastic sanction to be used in cases exhibiting "extreme abuses of discovery or other procedural rules or for failure to prosecute."  Harris v. City of Phila., 47 F.3d 1311, 1330 (3d Cir. 1995) (citing Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912 (3d Cir. 1992)).  The Third Circuit has identified certain factors that the district court must weigh before imposing the "extreme" sanction of dismissal:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis in original).  These factors are not to be applied mechanically, nor must all the factors be satisfied to dismiss a case.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether the action should be dismissed, the Court must weigh all six factors in the context of the complete litigation history, as opposed to finding the existence or

non-existence of one factor dispositive. Mindful of its obligation to craft a just and properly limited sanction, the Court will consider the Poulis factors seriatim.

### A. Personal Responsibility

Plaintiffs' counsel, Mr. Grover, has steadfastly taken complete responsibility for Plaintiffs' failure to comply with Magistrate Judge Smyser's discovery orders. (See, e.g., Doc. No. 81 at 5.) The Court accepts Mr. Grover's claim that he is primarily responsible for the failure of his clients to comply with discovery orders. However, the Court is unwilling to hold Plaintiffs blameless. While the Court may excuse a plaintiff's ignorance of the Federal Rules of Civil Procedure, the Court notes that in this case Magistrate Judge Smyser explicitly warned Plaintiffs that their case would be dismissed if discovery responses were not submitted by June 22, 2011. Accordingly, Plaintiffs were fairly on notice of the potential consequences of their attorney's failure to comply with the discovery order. Reasonably diligent plaintiffs would have taken steps to ensure that their attorney did comply with that order, or would have sought alternate counsel if their attorney was unwilling or unable to comply with the Court's order.

### B. Prejudice to Defendants

In the context of a Poulis analysis, prejudice refers to "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (citing Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988)). The instant litigation has been pending for over two years. The document requests in question were served seventeen months before the deadline given in Magistrate Judge Smyser's second discovery order. As a result of Plaintiffs' actions,

the instant litigation has been stalled at the pleading stage for over two years.[1]  Defendants have been given no information regarding Plaintiffs' claims beyond the allegations contained in the complaint.  Plaintiffs' actions have prevented Defendants from conducting depositions or gathering information in support of a motion for summary judgment.  Accordingly, the Court can only conclude that the prejudice to Defendants is severe and weighs heavily in favor of dismissal.

### C. History of Dilatoriness

Plaintiffs' conduct in this litigation has been completely unacceptable.  Indeed, the Court would be remiss if it did not note that Plaintiffs' conduct in pursuing the claims at issue in this action before the Pennsylvania Human Relations Commission led the PHRC to initiate failure to cooperate proceedings against Plaintiffs.[2]  Regarding the instant discovery dispute, Magistrate Judge Smyser issued two orders setting forth deadlines for complying with the discovery request.  Plaintiffs submitted nothing in response to those requests.  Significantly, Magistrate Judge Smyser's second discovery order included sanctions against Plaintiffs, requiring them to pay Defendants' reasonable fees and costs in pursuing discovery, and instructed Plaintiffs that failure to comply with that discovery order would result in a dismissal.  Even in the face of looming dismissal, Plaintiffs failed to even attempt to comply.  Plaintiffs have requested two motions for extension of time to complete discovery, and each motion was granted.  Since that time,

---

[1] This matter was stayed pursuant to 11 U.S.C. § 362(a)(1) on February 12, 2010.  (Doc. No. 34.)  The stay was lifted three months later on May 10, 2010.  (Doc. No. 36.)

[2] As explained more fully in this Court's January 28, 2011 memorandum regarding Defendants' motion to dismiss, the PHRC did not complete its failure to cooperate proceedings before Plaintiffs filed suit in this Court.  (Doc. No. 58.)

Plaintiffs have completely ignored two court orders setting deadlines. Plaintiffs' dilatoriness has been significant, and weighs heavily in favor of dismissing this action.

### D.     Willfulness or Bad Faith

The Court must also conclude that the conduct of Plaintiffs and Mr. Grover in consistently failing to comply with the discovery orders in this matter was willful. The Court acknowledges that on June 22, 2011, the final deadline provided by Magistrate Judge Smyser for Plaintiffs to comply with his discovery orders, Mr. Grover informed the Court that he was experiencing financial difficulties that prevented him from complying with the discovery order. The Court assumes <u>arguendo</u> that Mr. Grover has been forthright with the Court in this regard. Mr. Grover's fiscal circumstances do not, however, explain why he failed to meet the deadlines agreed upon by the parties or the January 31, 2011 deadline ordered by Magistrate Judge Smyser. Nor do Mr. Grover's fiscal circumstances explain why he failed to request an extension of time from the Court, especially in light of the fact that each prior motion for an extension of time to complete discovery filed by Plaintiffs was granted. Ultimately, Plaintiffs were ordered by Magistrate Judge Smyser to provide discovery responses on two occasions. On the latter occasion, Magistrate Judge Smyser imposed sanctions on Plaintiffs and threatened them with dismissal of their claims if they did not comply. Plaintiffs response to the first order was silence, and their response to the latter motion was an eleventh hour letter to the Court making vague references to Mr. Grover's financial standing and informing the Court that he is unable to sustain the action "either professionally or personally."

The sanction recommended by Magistrate Judge Smyser was no surprise. His May 27, 2011 order was clear and unambiguous. Plaintiffs elected to ignore that warning just as they

ignored his prior order. They did not ask this Court to reconsider the orders, nor did they ever ask for an extension of time. Based on this course of conduct, the Court must conclude that Plaintiffs and their attorney acted willfully in failing to comply with the discovery orders in this matter, and the Court must further conclude that this factor must weigh in favor of dismissal.

### E. Effectiveness of Alternate Sanctions

Magistrate Judge Smyser previously imposed monetary sanctions on Plaintiffs. He further cautioned Plaintiffs that further failure to comply with a discovery order would result in dismissal of their claims. These sanctions have failed completely. Indeed, Mr. Grover has indicated that neither he nor Plaintiffs have the funds to pay the sanctions already imposed. (Doc. No. 81 at 4.) Because the serious sanctions previously imposed regarding this very issue have completely failed and because Magistrate Judge Smyser's warning that the sanction for a second failure would be dismissal – a warning which went unheeded – the Court can envision no other sanction which might cause Plaintiffs to comply with any discovery order. Therefore, the Court finds that this factor must weigh in favor of dismissal of this action.

### F. Meritoriousness of Claims

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70 (citations omitted). The Court previously ruled on Defendants' motion to dismiss, and found that at least some claims survived the motion to dismiss. (Doc. No. 58.) Accordingly, this factor will weigh against applying a sanction of dismissal as to these claims.

### III. CONCLUSION

Upon weighing all the factors the Court must conclude that the proper sanction in these particular circumstances is the sanction of dismissal. In reaching this decision the Court is especially mindful of the fact that after Plaintiffs were granted multiple extensions of time to complete discovery, Plaintiffs have made absolutely no effort to comply with either discovery order, nor have they requested an extension of time to comply with those orders. Perhaps most egregiously, Plaintiffs were warned explicitly, following their initial failure to comply with a discovery order, that a subsequent failure would result in dismissal. Rather than making any effort to comply with the order, Plaintiffs' counsel waited until after the close of business on the day discovery was due to send a letter to Magistrate Judge Smyser requesting a conference to discuss his financial position. While the Court is sympathetic to Plaintiffs' and counsel's financial difficulties, such difficulties cannot absolve a party's decision to ignore a court order.[3]

The Court takes further guidance from the United States Supreme Court's decision in NHL v. Metro. Hockey Club, 427 U.S. 639, 640-41 (1976). In NHL, the Supreme Court reversed the United States Court of Appeals for the Third Circuit and held that the district court was acting within its discretion in dismissing a case pursuant to Rule 37 of the Federal Rules of Civil Procedure. Id. As recounted by the district court:

> After seventeen months where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the

---

[3] Plaintiffs repeatedly note that this matter was stayed while Defendants were in bankruptcy, and argue that they too are entitled to such a stay. However, the automatic stay provisions of 11 U.S.C. § 362(a)(1) only apply to stay an action "against the debtor." 11 U.S.C. § 362(a)(1). The automatic stay does not apply to "actions brought by the debtor which would inure to the benefit of the bankruptcy estate." Id.; see also Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1991). Accordingly, even if Plaintiffs had filed for bankruptcy, which they did not, this action would not have been subject to an automatic stay because the action is not "against" them.

> eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs, the Court must and does conclude that the conduct of the plaintiffs demonstrates the callous disregard of responsibilities counsel owe to the Court and to their opponents. The practices of the plaintiffs exemplify flagrant bad faith when after being expressly directed to perform an act by a date certain, viz., June 14, 1974, they failed to perform and compounded that noncompliance by waiting until five days afterwards before they filed any motions.
>
> Moreover, this action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sanctions under Fed. R. Civ. P. 37. If the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanction should ever be applied.

In re Prof'l Hockey Antitrust Litig., 63 F.R.D. 641, 656 (E.D. Pa. 1974).

In the present matter, Plaintiffs were served with the discovery requests on December 29, 2009. Approximately seventeen months later, on June 22, 2011, Plaintiffs failed to comply with Magistrate Judge Smyser's second discovery order, even though he cautioned them that a second failure to comply would result in dismissal. Further, unlike the plaintiffs in NHL whose responses to the discovery requests were deemed inadequate, by all accounts Plaintiffs in this matter have submitted absolutely nothing in response to Defendants' interrogatories and request for documents. Such conduct can only be described as a willful and brazen disregard for both the Federal Rules of Civil Procedure and multiple court orders. Such conduct cannot be countenanced. Accordingly, pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure, the Court must dismiss the claims of Plaintiffs Darnella Rideout, Charmarie Hockenberry, Mary Sample, Tynesa Mathis, and Dawn Crider. An order consistent with the foregoing memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARNELLA M. RIDEOUT, MARY E. SAMPLE, ANGELA B. WALTERS, TYNESA S. MATHIS, CHARMARIE HOCKENBERRY, AND DAWN C. CRIDER,** : : : : : :  Plaintiffs : : v. : : **PUBLIC OPINION; MEDIANEWS GROUP, INC., d/b/a MEDIA NEWS GROUP, TNP PUBLISHING, LLC, THE TEXAS-NEW MEXICO NEWSPAPERS PARTNERSHIP, RON CLAUSEN, and GEORGE FULLER,** : : : : : :  Defendants : | **Civil Action No. 1:09-cv-0403** (Chief Judge Kane) |

### ORDER

**NOW**, on this 1st day of November 2011, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Andrew Smyser (Doc. No. 83), Defendants' motion to dismiss for failure to comply with a discovery order (Doc. No. 79) is **GRANTED**, and the claims of Plaintiffs Darnella Rideout, Charmarie Hockenberry, Mary Sample, Tynesa Mathis, and Dawn Crider are **DISMISSED WITH PREJUDICE**.

                                               s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania